UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**COREY NATHANIEL FOUNTAIN,**

> **Plaintiff,**

v.                                                    **Case No. 6:25-cv-1524-CEM-DCI**

**ORLANDO UTILITIES COMMISSION,**

> **Defendant.**

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's third and fourth filing of the Application to Proceed in District Court Without Prepaying Fees or Costs, both of which are construed as Motions to Proceed *In Forma Pauperis*. (Doc. Nos. 16, 18 (collectively, "the Motions")). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 19), recommending that the Motions be denied and Plaintiff's Amended Complaint be dismissed without leave to amend. Plaintiff filed an Objection to the Report and Recommendation ("Objection," Doc. 21).

## I.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to

which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II.   ANALYSIS

Plaintiff first objects to the Magistrate Judge's recommendation that the Motions to Proceed *In Forma Pauperis* be denied. (Doc. 21 at 2). The R&R explained that "[t]he Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*." (Doc. 19 at 2). The Magistrate Judge found that Plaintiff is a pauper, but because the Amended Complaint is a shotgun pleading, recommended the Court deny the Motions. (Doc. 21 at 3). The Objection asserts that Plaintiff is unable to pay the filing fees and therefore the Motions should be granted. (Doc. 21 at 2). The Magistrate Judge applied the proper two-step inquiry to Plaintiff's Motions to Proceed *In Forma Pauperis*, *see* 28 U.S.C. § 1915(a)(1), (e)(2), thus this Objection will be overruled.

Next, Plaintiff claims that dismissal without leave to amend is premature. (Doc. 21 at 2). "While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile." *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014). Here, Plaintiff has been given an opportunity to amend

his Complaint, yet the Amended Complaint, like the first Complaint, is a shotgun pleading. (Doc. 19 at 4 (stating that "the Amended Complaint falls into the first category of shotgun pleading"); Sept. 5, 2025 Report and Recommendation, Doc. 14, at 3–4 (explaining that the Complaint is a shotgun pleading)). Thus, dismissal without leave to amend is not premature. *See Cornelius v*, 585 F. App'x at 1000 (finding that where a pro se plaintiff "already had been given an opportunity to correct his pleadings, the judge was not required to give him another chance.").

Finally, Plaintiff objects to the conclusion that dismissal is appropriate for a lack of subject matter jurisdiction. (Doc. 21 at 2). The Magistrate Judge explained that the sole ground for jurisdiction alleged in the Amended Complaint is diversity jurisdiction and it appears that both Plaintiff and Defendant are citizens of the same state. (Doc. 19 at 5). Plaintiff attempts to retroactively remedy this defect by stating in the Objection that federal question jurisdiction exists. (Doc. 21 at 2–3).

The Magistrate Judge considered that Plaintiff may claim that the Court has jurisdiction under 28 U.S.C. § 1331 and explained that "the shotgun-nature of the pleading and the jurisdictional deficits are distinct but interrelated." (Doc. 19 at 5). Because the Magistrate Judge could not "discern either a proper basis for jurisdiction or the nature of the claims being made" the R&R recommended dismissal for lack of subject matter jurisdiction. (*Id.* at 5–6). Plaintiff does not raise any specific objections to this conclusion but rather attempts to clarify the claims raised in the Amended Complaint. (Doc. 21 at 2–3). The Court declines to consider jurisdictional

arguments that were not before the Magistrate Judge. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (holding that a district court does not abuse its discretion in declining to consider an argument that was not presented to the magistrate judge). Therefore, this Objection will be overruled.

### III.    CONCLUSION

After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Magistrate Judge's recommended disposition is accepted. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.  Plaintiff's Objection (Doc. 21) is **OVERRULED**.

2.  The Report and Recommendation (Doc. 19) is **ADOPTED** and made a part of this Order.

3.  The Motions to Proceed *in Forma Pauperis* (Doc. Nos. 16, 18) are **DENIED**.

4.  The Amended Complaint is **DISSMISSED without leave to amend**.

5.  The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on April 27, 2026.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party